STATE OF NORTH CAROLINA v. CHARLES EUGENE WATTS

No. COA04-874-2

(Filed 21 August 2007)

**Sentencing— *Blakely* error—harmless beyond reasonable doubt**

The trial court's *Blakely* error during a sentencing hearing finding as an aggravating factor that defendant committed the rape offense while on pretrial release on another charge was harmless beyond a reasonable doubt, because: (1) defendant has never disputed at trial or on appeal that he was on pretrial release when he committed the present crimes, and the validity of the charges for which he was on pretrial release is irrelevant; and (2) the evidence was so overwhelming or uncontroverted that any rational factfinder would have found this aggravating factor beyond a reasonable doubt.

Appeal by defendant from judgment entered 13 June 2003 by Judge B. Craig Ellis in Superior Court, Scotland County. Heard in the Court of Appeals 1 March 2005, and opinion filed 2 August 2005, finding sentencing error and remanding for resentencing. Remanded to this Court by order of the North Carolina Supreme Court for reconsideration in light of *State v. Blackwell*, 361 N.C. 41, 638 S.E.2d 452 (2006).

*Attorney General Roy Cooper, by Assistant Attorney General Anne M. Middleton, for the State.*

*Bruce T. Cunningham, Jr. for defendant-appellant.*

WYNN, Judge.

This case is before us on remand from the North Carolina Supreme Court to reexamine Defendant Charles Eugene Watts's sentencing in light of *State v. Blackwell*, 361 N.C. 41, 638 S.E.2d 452 (2006), *cert. denied,* 127 S. Ct. 2281, 167 L. Ed. 2d 1114 (2007). During Defendant's sentencing hearing, the trial court found as an aggravating factor that Defendant committed the offense while on pretrial release on another charge. Because we find that the evidence was so overwhelming or uncontroverted that any rational factfinder would have found this aggravating factor beyond a reasonable doubt, we find no prejudicial error.

At the conclusion of Defendant's trial, the jury found him guilty of raping a thirteen-year-old female, and the trial court sentenced him in the aggravated range to three hundred sixty to four hundred forty-one months' imprisonment, without possibility of parole. The trial court found the statutory aggravating factor that Defendant had committed the rape while on pretrial release for another offense. Defendant appealed, arguing several assignments of error overruled by this Court in our earlier opinion affirming his conviction. However, Defendant also filed a motion for appropriate relief, contending that the trial court committed a *Blakely* error by sentencing him in the aggravated range, in violation of his Sixth Amendment right to a jury trial.

In *Blakely v. Washington*, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt[]" in order to safeguard a defendant's Sixth Amendment right to trial by jury. 542 U.S. 296, 301, 159 L. Ed. 2d 403, 412 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490, 147 L. Ed. 2d 435, 455 (2000)), *reh'g denied*, 542 U.S. 961, 159 L. Ed. 2d 851 (2004). More recently, in *Washington v. Recuenco*, the Supreme Court further held that failure to submit a sentencing factor to the jury was not structural error but was subject to harmless error review. 548 U.S. ——, ——, 165 L. Ed. 2d 466, 477 (2006).

Our Supreme Court applied *Blakely* and *Recuenco* in *State v. Blackwell*, conducting a two-part test to determine first if the trial court had committed a *Blakely* error by finding an aggravated factor rather than submitting it to the jury, and if so, whether such error was harmless beyond a reasonable doubt. 361 N.C. at 45, 638 S.E.2d at 458. Harmless error review in this context requires "determin[ing] from the record whether the evidence against the defendant was so 'overwhelming' and 'uncontroverted' that any rational factfinder would have found the disputed aggravating factor beyond a reasonable doubt." *Id.* (quoting *Neder v. United States*, 527 U.S. 1, 9, 144 L. Ed. 2d 35, 47 (1999)).

North Carolina law further states that a violation of a defendant's constitutional rights is "prejudicial unless the appellate court finds that it was harmless beyond a reasonable doubt[,]" with the burden on the State to demonstrate such harmlessness. N.C. Gen. Stat. § 15A-1443(b) (2005). Nevertheless,

[A] defendant may not avoid a conclusion that evidence of an aggravating factor is "uncontroverted" by merely raising an objection at trial. *See, e.g., Neder*, 527 U.S. at 19, 144 L. Ed. 2d at 47. Instead, the defendant must "bring forth facts contesting the omitted element," and must have "raised evidence sufficient to support a contrary finding." *Id.*

*Blackwell*, 361 N.C. at 50, 638 S.E.2d at 458.

In the instant case, it is undisputed that the facts for the aggravated factor that Defendant committed the rape while on pretrial release for another offense were neither presented to the jury nor proved beyond a reasonable doubt. Thus, the trial court committed a *Blakely* error which leads us to now determine whether such error was harmless beyond a reasonable doubt.

As in *Blackwell*, where the trial court likewise found the statutory aggravating factor that the defendant had committed the crime while on pretrial release, Defendant here "has never disputed, at trial or on appeal, that he was on pretrial release when he committed the present crimes." 361 N.C. at 50, 638 S.E.2d at 458. Although Defendant attempts to argue that the underlying charges were without merit, we note that the validity of the charges for which he was on pretrial release is irrelevant; the sole question is whether he was, in fact, on pretrial release at the time the alleged crimes took place, which Defendant does not contest.

**STATE v. WATTS**

[185 N.C. App. 539 (2007)]

Accordingly, we find that the evidence of the aggravating factor found by the trial court to be so "overwhelming" and "uncontroverted" that any rational factfinder would have found it beyond a reasonable doubt. As such, we conclude that the trial court's *Blakely* error was harmless beyond a reasonable doubt.

No prejudicial error.

Judges STEELMAN and STROUD concur.